| | | |
|---|---|---|
| **ERICA BALDWIN, <u>et</u> <u>al.</u>,** | : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 19-2013** |
| **v.** | : | **(JUDGE MANNION)** |
| **ANN VADELLA, <u>et</u> <u>al.</u>,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

The plaintiffs filed the instant action as an emergency claiming a violation of their constitutional right to due process, presumably pursuant to 42 U.S.C. §1983, as well as violations of the Pennsylvania Landlord-Tenant Act, 68 P.S. §§250.101, <u>et</u> <u>seq.</u>, in relation to their upcoming eviction from their rental home in Carbondale, Pennsylvania. (Doc. 1). Along with their complaint, the plaintiff's filed an application to proceed *in forma pauperis*. (Doc. 2).

According to the plaintiffs' complaint and documents attached thereto, the plaintiffs' landlord, Ann Vadella, filed an action with the local Magisterial District Judge on September 18, 2019, against the plaintiffs Erica and Wally Baldwin, claiming that the plaintiffs were in arrears of their rent in the amount of $1,300.00. On October 8, 2019, a judgment was entered in favor of Mrs. Vadella in the amount of $1,469.55 for filing fees and arrears. The plaintiffs allege that they filed an appeal of the judgment, but that "Ann Vadella and Joseph Vadella did commit a fraud by createing (sic) their own court order and using this order to dismiss the appeal and award a judgement of

[$]3,380.00 to themselves." The plaintiffs allege that the Vadellas had a clerk (Tom) at the Lackawanna County Prothonotary's Office stamp the order with the signature of the Clerk of Judicial Records in order to have them and their 3 small children removed from the home.[1]

The plaintiffs request that this court vacate the "fraudulent" November 13, 2019, order, and enter an emergency stay of any eviction until a hearing can be held to determine whether their constitutional rights and rights under the Pennsylvania Landlord-Tenant Act have been violated.

Initially, to the extent that the plaintiffs bring the instant action pursuant to §1983, that statute offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. §1983. Section 1983 provides, in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

---

[1]The plaintiffs have attached a certified order from the Clerk of Judicial Records, Mauri B. Kelly, which reflects that, on November 13, 2019, the appeal filed by the Balwins was stricken and the supersedeas terminated for failure of the Baldwins to pay monthly rent as required when it became due. It was further ordered that Mrs. Vadella was entitled to a writ of possession and judgment was entered in favor of Mrs. Vadella in the amount of $3,380.00 plus taxable costs, reasonable attorneys fees and interest from June 1, 2019. Despite the prior judgment in the Vadellas' favor and this order dismissing the appeal, the plaintiffs maintain that they have been continuing to pay the Vadellas $600.00 per month as per their Rental Agreement.

2

proceeding for redress . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under §1983, the plaintiffs must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Moreover, individual liability can be imposed under §1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of *respondeat superior*." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Sutton v. Rasheed, 323 F.3d 236, 249-50 (3d Cir. 2003). The personal involvement of a defendant in a §1983 action may be shown "through allegations of personal direction or of actual knowledge and acquiescence." Argueta v. U.S. Immigration & Customs Enf't, 643 F.3d 60, 71 (3d Cir. 2011) (quoting Rode, 845 F.2d at 1207). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." C.H. ex rel. Z.H. v. Olivia, 226 F.3d 198, 201-02 (3d Cir. 2000).

Here, although the plaintiffs have named Mauri Kelly as a defendant to this action, there are no allegations of personal involvement in any constitutional violation on her part. Instead, the plaintiffs allege that a clerk by

3

the name of "Tom" stamped Mauri Kelly's name on the alleged fraudulent order. Because the plaintiff has failed to allege any personal involvement of defendant Kelly in any violation of their constitutional rights, the plaintiffs' complaint must be dismissed with respect to defendant Kelly.[2]

With respect to Ann and Joseph Vadella, these are private individuals who do not act under color of state law. Therefore, the plaintiffs have no §1983 claims against them. To the extent that the plaintiffs bring a claim against the Vadellas under the Pennsylvania Landlord-Tenant Act, this is a Pennsylvania state law claim over which the court would have only supplemental jurisdiction. Supplemental jurisdiction enables federal courts to hear state law claims over which there is no independent basis of jurisdiction. 28 U.S.C. §1367; Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988). Supplemental jurisdiction depends upon the existence of subject matter jurisdiction over other claims in the action. Pursuant to 28 U.S.C. §1367,

_____

[2]Even if the plaintiffs had alleged some knowledge or acquiescence on the part of defendant Kelly, defendant Kelly would be being sued for actions taken in connection with official duties as the Clerk of Judicial Records. However, in this capacity, defendant Kelly is immune from suit under the doctrine of absolute judicial immunity, which extends to quasi-judicial officials whose "activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge." See Gonzales v. Clerk of Courts of Berks County, 1991 WL 133647 at *2 (E.D.Pa. July 16, 1991) (citing Jodeco Inc. v. Hann, 674 F.Supp. 488, 497 (D.N.J.1987)). Because defendant Kelly enjoys immunity relative to any actions undertaken in the performance of her court-related functions, the claim against defendant Kelly is subject to dismissal on this basis as well.

"district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . ." 28 U.S.C. §1367(a); see also Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir. 1991).

Section 1367(c) permits a court to decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3); see also Carnegie–Mellon, 484 U.S. at 350 ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.") (footnote omitted).

In this case, since the plaintiffs' §1983 claim is being dismissed, there are no other grounds for the court to exercise supplemental jurisdiction. United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); 28 U.S.C. §1367(c)(3). As a result, the court declines to exercise supplemental jurisdiction over the plaintiffs' claims pursuant to the Pennsylvania Landlord-Tenant Act in this case. Therefore, the plaintiffs' state law claims will also dismissed.

As a final matter, the plaintiff's are requesting this court to enjoin matters which are in state court proceedings by asking this court to stay their upcoming eviction pending a hearing. To this extent, the Anti-Injunction Act, 28 U.S.C. §2283, precludes the court from granting any form of injunctive

relief in this case. See Jung Yun v. Bank of Am., N.A., 2016 WL 7324554 (M.D.Pa. Dec. 16, 2016). The Anti-Injunction Act deprives federal district courts of the ability to "grant an injunction to stay proceedings in a State court." 28 U.S.C. §2283. "The Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings . . . absent the application of an exception under the statute." Clark v. United States Bank Nat'l Ass'n, 2004 WL 1380166, at *3 (E.D. Pa. June 18, 2004). There are three narrow exceptions[3] that allow a federal court to grant equitable relief, but the court finds that all three are inapplicable to the present case. See Becker v. Evans, 496 F.Supp. 20, 21 (M.D. Pa. 1980) ("State court proceedings to enforce a state court judgment have been found not to come within any of [the three exceptions of the Anti-Injunction Act], and therefore the district court lacks jurisdiction to issue the injunction [to stay the writ of execution on a state court judgment].").

In light of the foregoing, an appropriate order shall issue.


*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 22, 2019**

19-2013-01.wpd

---

[3]The three exceptions are (1) where an injunction is expressly authorized by Act of Congress, (2) where it is necessary in aid of a federal court's jurisdiction, or (3) to protect or effectuate a federal court's judgments. 28 U.S.C. §2283.